IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HILL COUNTRY VILLAS TOWNHOME OWNERS' ASSOCIATION, INC. § § § *Plaintiff* § § V. § EVEREST INDEMNITY INSURANCE § COMPANY, MICHAEL WYSOCZAN, AND § CRISTIAN MORALES § § *Defendants* § | | CIVIL ACTION NO. 5:19-cv-936 |

### DEFENDANT EVEREST INDEMNITY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant Everest Indemnity Insurance Company ("Everest") files this Notice of Removal on the basis of diversity of citizenship and jurisdictional amount, and respectfully shows the Court the following:

### I.    BACKGROUND

1. This is an insurance claim based on alleged property damage to a property located at 13009 Trent Street, San Antonio, TX 78232 ("the Property").

2. Plaintiff filed his Original Petition in the matter styled *Hill Country Villas Townhome Owners' Association, Inc. v. Everest Indemnity Insurance Company et al.,* Cause No. 2019CI12340; In the 73rd Judicial District Court, Bexar County, Texas ("State Action"), in which Plaintiff asserts claims for breach of contract, negligence, and violations of the Texas Insurance

Code.  Everest was notified of the suit on July 3, 2019, and timely appeared in the State Action on July 22, 2019.

## II. BASIS FOR REMOVAL

### A. There is Complete Diversity

3. Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446.

4. Upon information and belief, Plaintiff is an Incorporated Homeowners' Association incorporated and existing under the laws of Texas, with its principal place of business in Bexar County, Texas.  (Pl.'s Orig. Pet. at p. 2, ¶ 3).

5. Both at the time the lawsuit was originally filed, and at the time of removal, Defendant Everest is a corporation incorporated and existing under the laws of Delaware, with its principal place of business in New Jersey.

6. Defendants Cristian Morales and Michael Wysoczan are citizens of the State of Texas; however, Everest contends that Morales and Wysoczan have been improperly joined and must be dismissed from the case. Therefore, their Texas citizenship should be disregarded for the purposes of evaluating diversity in this matter.

### B. Improper Joinder Standards

7. This Court should find that Morales and Wysoczan have been improperly joined solely to defeat diversity.  A party may establish improper joinder by showing (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant.  *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc).  To determine "whether the complaint states a claim under state law against

the in-state defendant," courts "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint." *Smallwood*, 385 F.3d at 573.

8.  The Fifth Circuit has recently clarified that for the improper joinder analysis, pleadings must satisfy the federal pleading standard: <u>not</u> Texas's fair notice pleading standard. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 200 ("It is well-established, of course that Rule 12(b)(6) analysis necessarily incorporates the *federal* pleading standard'") (emphasis original) (internal citations omitted).  This means that many allegations under the Texas Insurance Code must meet the heightened pleading requirements of Rule 9(b).  *See, e.g., Columbia Mut. Ins. Co. v. Trewitt-Reed Funeral Home, Inc.*, No. 4:15-CV-568-A, 2016 WL 524597, at *2 (N.D. Tex. Feb. 5, 2016).  When these principles are applied, it is evident that Morales and Wysoczan have been joined solely to defeat diversity jurisdiction.

**C.  Morales and Wysoczan Have Been Improperly Joined**

    **1)  Plaintiff Fails to State an Actionable Claim**

9.  A close review of Plaintiff's Original Petition shows that Plaintiff's real complaint against Morales and Wysoczan's has nothing to do with their actions and everything Everest's denial of the claim.

10.  Likewise, Plaintiff also asserts that Morales and Wysoczan conducted an outcome oriented investigation and failed to pay Plaintiff's claim, but Morales and Wysoczan could not be individually liable for those payments under the policy because they are not party to the insurance contract.  Taken together, these allegations show that Plaintiff has failed to state a viable claim against Morales and Wysoczan in their individual capacities because it offers no specific facts that are distinct from those it asserts against Everest.  *Aguilar v. State Farm Lloyds*, No. 4:15-CV-565-A, 2015 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015) ("[E]ven though an

adjuster is a "person" under the Insurance Code, an adjuster cannot be held liable for a violation of the Code unless he causes an injury distinguishable from the insured's actions."). *See also Keen v. Wausau Business Ins. Co.*, 875 F.Supp.2d 682 (S.D.Tex. 2012) (Harmon, J.) ("[W]hen the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster."). Texas law is also clear that to be liable for alleged Insurance Code violations, the adjuster, individually, must have committed the violation that caused the harm. *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F.Supp.2d 697 (S.D.Tex. 2007).

**D.     Plaintiff Does Not State a Viable Cause of Action Under Insurance Code §541.060**

11.     As established above, Plaintiff's factual allegations do not support a claim against either Morales or Wysoczan. Those facts also fail as a matter of law because Texas federal courts that have addressed §541.060 unfair settlement practices allegations against an adjuster have found that these sections **only applies to insurers**, not adjusters. *Ministerio Int'l Lirios Del Valle v. State Farm Lloyds*, 3:16-CV-1212-D, 2016 WL 5791550, at *3 (N.D. Tex. Oct. 4, 2016)(J. Fitzwater); *see*, *Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 3:15–CV–3741–D, 2016 WL 931217, at *4 (N.D.Tex. Mar. 11, 2016) ("Massey and Cagle are both adjusters, and "[a]n adjuster 'cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer.'") *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014); *Slabaugh v. Allstate Ins. Co.*, No. 4:15-cv-115, 2015 WL 4046250, at *10 (E.D. Tex. June 30, 2015). Therefore, Plaintiff's claims under Insurance Code §541.060 fails as a matter of law.

### 1) Failure to Effect Prompt Settlement.

12. Plaintiff's allegations against Morales and Wysoczan for failing to attempt in good faith to make a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear also fails as a matter of law. Tex. Ins. Code § 541.060(a)(2). Texas federal courts have held that "an adjuster cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer." *Meritt Buffalo Events*, 2016 WL 931217, at *4 (quotation marks and citations removed). Moreover, Morales and Wysoczan did not have settlement authority, nor does Plaintiff allege Morales and Wysoczan had settlement authority on behalf of Everest in its Original Petition. Consequently, Plaintiff has failed to state a plausible claim under § 541.060(a)(2) against Morales and Wysoczan.

### 2) Failure to Explain Denial of Claim

13. Plaintiff also alleges Morales and Wysoczan are liable for "failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims." But those allegations do not state a plausible claim for relief, "because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim," so an adjuster cannot be held liable for violating § 541.060(a)(3). *Bianca Tabarestani v. United Prop. and Cas. Ins. Co., Eric David Savener, and Valerie Riley*, No. H-16-712, (S.D. Tex. June 29, 2016) (Werlein, J.); *Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15-CV-1087 D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.). Further, the factual allegations in Plaintiff's Original Petition pleaded that Everest, not Morales and Wysoczan, was obligated to provide an

explanation for the basis of Morales and Wysoczan's coverage decision. (Pl.'s Orig. Pet. at p. 14, ¶ 49).

**E.      Plaintiff's Chapter 542.003 allegations do not apply to Morales and Wysoczan as a matter of law.**

14.     Similarly, Section 542.003(b)(5) prohibits "an insurer engaging in business in this state" from "compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder."  Tex. Ins. Code Ann. § 542.003.  While Chapter 541 of the Texas Insurance Code permits causes of action against "persons," Chapter 542 is exclusively limited to insurers.  *See* Tex. Ins. Code 542.003(a) ("An *insurer* engaged in business in this state may not engage in an unfair claim settlement practice.") (emphasis added); Tex. Ins. Code 542.003(b)  ("Any of the following acts by an insurer constitutes unfair claim settlement practices..."); *Richardson E. Baptist Church v. Philadelphia Indem. Ins. Co.*, 05–14–01491–CV, 2016 WL 1242480, at *10 (Tex.App.—Dallas Mar. 30, 2016, no. pet. h.) ("Greenhaw's motion for summary judgment asserted he did not violate section 542.003 because that section regulates the actions of insurers only and not adjusters.  We agree.... We conclude Greenhaw established as a matter of law that he did not violate chapter 542."). Federal courts have also held the same. *See, e.g., Lopez*, 197 F. Supp. 3d at 951; *Mainali Corp.*, 2015 WL 5098047, at *6 ("Chapter 542 only applies to specifically listed 'insurers,' and Summers, an adjuster, is not an insurer."). Morales and Wysoczan are adjusters and not insurers. Additionally, Chapter 542 concerns claims for contractual interest.  Plaintiff does not have a contract with Morales or Wysoczan.  Accordingly, Plaintiff's Chapter 542 violations against Morales and Wysoczan fail as a matter of law.

**F.     Plaintiff's Negligence Claims Against Morales and Wysoczan Are Not Actionable in Texas**

15.     Plaintiff has also asserted negligence against Morales and Wysoczan and generally alleges that their "actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiff." Nevertheless, Texas law does not recognize a cause of action for negligent claims handling. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997).  Additionally, district courts within the Fifth Circuit have recognized the same.  *See Flynn v. State Farm Fire & Cas. Ins. Co. (Texas)*, 605 F.Supp.2d 811, 817 (W.D. Tex. 2009); *Coachmen Indus., Inc. v. Willis of Ill., Inc.*, 565 F.Supp.2d 755, 773 (S.D.Tex.2008) ("Moreover, courts have expressly refused to recognize a cause of action for negligent claims handling under Texas law"); *see also Jimenez v. State Farm Lloyds*, 968 F.Supp. 330, 334 (W.D.Tex.1997) ("This Court finds that Texas law does not recognize any cause of action for negligent claims handling.").

**G.     Plaintiff's Claims Against Morales and Wysoczan are Barred by the *Bona Fide* Dispute Rule.**

16.     Additionally, there is no reasonable basis on which this Court may predict a possibility of recovery against Morales or Wysoczan, individually.  Texas law is clear that a *bona fide* dispute on coverage or amount of loss does not rise to the level of "bad faith." *Robinson v. State Farm Fire & Cas. Co.*, 13 F.3d 160, 162 (5th Cir. 1994).  If an insurer, such as Everest, has a *reasonable* basis for denying or delaying a claim, it cannot be held liable for "bad faith" even where the insurer's decision is ultimately held to be erroneous. *Lyons v. Millers Cas. Ins. Co.*, 866 S.W.2d 597, 600 (Tex. 1993); *Minnesota Life Ins. Co. v. Vasquez*, 192 S.W.3d 774, 774 (Tex. 2006); *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994) (bad faith is not established where insured claims insurer was incorrect about the factual basis for its denial of the

7

claim); *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998) (insured must establish that liability was reasonably clear). If an insurer cannot be held liable for bad faith for a *bona fide* coverage dispute, surely a managing general agent for the insurer, who had no contact with the Insured or involvement in the insurer's claim determination cannot be held liable either. The dispute between Plaintiff and Everest is a *bona fide* dispute as to Everest's contractual obligations. Whether or not Everest owes Plaintiff any amount on his claim is the only dispute properly before this Court, not one against an insurance adjuster who simply did his job. *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex.1998).

### III.     REMOVAL IS PROCEDURALLY CORRECT

17.     Attached hereto as Exhibit "A" is the Index of Matter Being Filed. A copy of the Bexar County Clerk's Docket Sheet and file for this case is attached as Exhibit "B", which includes true and correct copies of executed process, pleadings, and orders. Attached hereto as Exhibit "C" is Everest Indemnity Insurance Company's Designation of Counsel.

18.     This is a civil action in which the amount in controversy exceeds the jurisdictional limits of $75,000.00. In determining the amount in controversy, the Court may consider, "penalties, statutory damages, and punitive damages." *St Paul Reinsurance Co, Ltd v Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v State Farm Lloyds*, 1999 WL 151667, at *2 - 3 (N.D. Tex. 1999) (finding sufficient amount in controversy in plaintiff's case against the insurer for breach of contract, bad faith, and violations of the Texas Insurance. Plaintiff alleges that Everest is liable under violations of §542 of the Texas Insurance Code and seeks to recover actual damages, consequential damages, prejudgment interest, additional statutory damages, post-judgment interest, and reasonable and necessary attorneys' fees. Plaintiff's Original

Petition also indicates that Plaintiff seeks more than $1,000,000. (Pl.'s Orig. Pet. at p. 2, ¶ 2). Thus, the amount in controversy clearly exceeds $75,000.

19. Accordingly, by virtue of diversity of citizenship the United States district courts have original jurisdiction.

20. Everest was notified of the suit on July 3, 2019. Everest files this Notice of Removal within the thirty-day time period required by 28 U.S.C. § 1446(b).

21. Venue is proper in this district and division under 28 U.S.C. § 1446(a) because this district and division include county in which the State Action has been pending, and because a substantial part of the events giving rise to the Plaintiff's claims allegedly occurred in this district and division.

22. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the State Action are attached to this Notice.

23. Pursuant to 28 U.S.C. § 1446(d), promptly after Everest files this Notice, written notice of the filing will be given to the Plaintiff, the adverse party.

24. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of Bexar County, promptly after Everest files this Notice.

25. Although consent of an improperly joined party is not necessary for removal, Morales and Wysoczan consent to removal.

### IV. CONCLUSION

Based upon the foregoing and the other documents filed contemporaneously with this Notice, all fully incorporated herein by reference, Defendant Everest Indemnity Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: */s/ Brian S. Martin*
    BRIAN S. MARTIN, Attorney-In-Charge
    State Bar No. 13055350
    bmartin@thompsoncoe.com
    CHRISTOPHER H. AVERY
    Texas State Bar No. 24069321
    cavery@thompsoncoe.com
    SAIRA S. SIDDIQUI
    Texas State Bar No. 24093147
    ssiddiqui@thompsoncoe.com
    One Riverway, Suite 1400
    Houston, Texas  77056
    (713) 403-8210 – Telephone
    (713) 403-8299 - Facsimile

**COUNSEL FOR DEFENDANT EVEREST INDEMNITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on August 2, 2019, via the Court's electronic notification system on the counsel of record.

        */s/ Brian S. Martin*
        BRIAN S. MARTIN