UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

HILL COUNTRY VILLAS
TOWNHOME OWNERS'
ASSOCIATION, INC.,

        Plaintiff,

v.                                        Case No. SA-19-CV-0936-JKP

EVEREST INDEMNITY
INSURANCE COMPANY, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has under consideration *Defendant Christian Morales' Rule 12(b)(6) Motion to Dismiss* (ECF No. 3); *Plaintiff Hill Country Villas Townhome Owners' Association, Inc.'s Opposed Motion to Remand* (ECF No. 4); and *Plaintiff's Motion for Leave to File First Amended Complaint* (ECF No. 15). Plaintiff has filed a response (ECF No. 7) to the motion to dismiss. Defendant Everest Indemnity Insurance Company ("Everest") has filed a response (ECF No. 5) to the motion to remand. No defendant has filed a response to the motion for leave to amend and no party has filed any reply brief regarding the motions before the Court. For the reasons that follow, the Court grants the motion to remand and denies the other motions as moot.

## I. BACKGROUND

This case concerns an insurance claim arising from a hailstorm on April 12, 2016. In June 2019, Plaintiff filed suit against Everest and two insurance adjusters, Cristian Morales ("Morales") and Michael Wysoczan ("Wysoczan"), under a variety of legal theories. Everest removed this action on the basis of diversity jurisdiction and alleged that both adjusters were Texan citizens who Plaintiff had improperly joined to defeat federal jurisdiction. Within a month of removal Morales

filed his motion to dismiss, which Plaintiff quickly followed with its motion to remand. Plaintiff thereafter filed its motion for leave to amend. The motions are ripe for ruling.

## II. JURISDICTION

There is no dispute that Morales is a nondiverse party.[1] And "as long as a nondiverse party remains joined, the *only* issue the court may consider is that of jurisdiction itself." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016). Federal courts always have "jurisdiction to determine [their] own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 622 (2002). "This limited authority permits the court to grant a motion to remand if a nondiverse party is properly joined," while also permitting "the court to deny such a motion if a party is improperly joined and, in so doing, to dismiss the party that has been improperly joined." *Int'l Energy*, 818 F.3d at 209. Regardless, "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). "In considering whether a nondiverse party was improperly joined under *Smallwood*, the court is *only* considering jurisdiction." *Int'l Energy*, 818 F.3d at 210.

Given the jurisdictional concerns presented by the alleged improper joinder, the Court first addresses the motion to remand, which falls within its limited authority to determine its own jurisdiction over this removed case.

## III. MOTION TO REMAND

Through the motion to remand, Plaintiff argues that this case involves no improper joinder[2] and that the presence of a local defendant precludes diversity jurisdiction and requires remand.

In general, "any civil action brought in a State court of which the district courts of the

---

[1] In response to the motion to remand, Everest now contends that Wysoczan is a diverse defendant. Rather than determine his state citizenship, the Court will focus on the undisputed nondiverse defendant.

[2] Some jurisdictions use the phrase, "fraudulent joinder," but this Court will use "improper joinder" as generally used in the Fifth Circuit. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 n.14 (5th Cir. 2013).

United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). There is no dispute, furthermore, that 28 U.S.C. § 1332(a) provides the federal courts with original jurisdiction over all civil actions between "citizens of different States" when the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest or costs." However, a "civil action otherwise removeable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See id.* § 1441(b)(2).

A party may move to remand a previously removed case. *See* 28 U.S.C. § 1447(c). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The removing party has the burden to show "that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quoting *Mumfrey*, 719 F.3d at 397).

Everest removed this case solely on the basis of diversity jurisdiction. No party raises a dispute about the jurisdictional amount required for diversity jurisdiction, but they disagree as to whether Plaintiff properly joined Morales.

There are two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)

3

(en banc); *accord Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (stating the two ways as "(1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff *has not* stated a claim against a defendant that he properly alleges is nondiverse"). This case only concerns the second method.

To successfully show improper joinder under the second method, a defendant must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant," which means that the defendant must show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Mumfrey*, 719 F.3d at 401 (citations and emphasis omitted); *accord Int'l Energy*, 818 F.3d at 200 (substituting "nondiverse" for "in-state"); *Smallwood*, 385 F.3d at 573 (adopting "this phrasing of the required proof and reject[ing] all others, whether the others appear to describe the same standard or not"). The Fifth Circuit consistently reiterates that a claim of improper joinder fails when there is "a *reasonable* possibility of recovery, not merely a *theoretical* one." *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (quoting *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)); *accord Smallwood*, 385 F.3d at 573 n.9 (agreeing that a "'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder").

When considering the issue of improper joinder, the Court's task is not to determine whether the plaintiff will recover on any claim asserted against the adjuster or whether the plaintiff is even likely to recover; the Court instead must only consider whether there is a reasonable basis to predict that the plaintiff might be able to recover on any claim asserted against a nondiverse defendant. *See Smallwood*, 385 F.3d at 573; *Mumfrey*, 719 F.3d at 401. At this stage of the litigation, the plaintiff has no need to prove any claim. *See Johnson v. Zurich Am. Ins. Co.*, No. 3:11-

4

CV-0344-P, 2011 WL 3111919, at *4 (N.D. Tex. June 29, 2011).

While the Court's inquiry is on the joinder rather than the merits of any particular claim, *Smallwood*, 385 F.3d at 573, the federal courts apply one of two alternate federal tests – one premised on Fed. R. Civ. P. 12(b)(6) and the other premised on piercing the pleadings by conducting a summary inquiry, *see Int'l Energy*, 818 F.3d at 207. But courts use both inquiries "to resolve the issue of jurisdiction, not merits." *See id.* at 210. Furthermore, "the existence of even a single valid cause of action against in-state defendants . . . requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004); *accord Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018).

No one disputes that Texas law permits actions against an adjuster. And, undoubtedly, insurance adjusters are subject to liability under Chapter 541 of the Texas Insurance Code. *See Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 & n.2 (5th Cir. 2007) (applying predecessor statute of the current § 541.060 of the Tex. Ins. Code while noting the amendments did not change the legal standards); *Marminco III Family, L.P. v. Arch Specialty Ins. Co.*, No. EP-17-CV-311-KC, 2017 WL 7797711, at *2 (W.D. Tex. Dec. 19, 2017); *Liberty Mut. Ins. Co., v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998). The question is not whether an adjuster is subject to liability in a general sense, but whether the adjuster "has committed some act that is prohibited by the Texas Insurance Code." *Marminco III Family, L.P.*, 2017 WL 7797711, at *2 (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014)).

Plaintiff asserts claims directly against Morales, including claims for unfair settlement practices under § 541.060 of the Texas Insurance Code. *See* Pl.'s Orig. Pet. (attached as part of Ex. B of Notice of Removal (ECF No. 1) ¶ 51. And it lists the following alleged violations of that

5

section: (1) misrepresenting one or more material facts and/or policy provisions relating to coverage (§ 541.060(a)(1)); (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claims with respect to which their liability had become reasonably clear (§ 541.060(a)(2)(A)); (3) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claims under one portion of a policy with respect to which liability had become reasonably clear in order to influence Plaintiff to settle its claims with respect to another portion of the policy (§ 541.060(a)(2)(B)); (4) failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims (§ 541.060(a)(3)); (5) refusing to affirm or deny coverage within a reasonable time (§ 541.060(a)(4)(A)); (6) refusing to conduct a reasonable investigation; (7) ignoring damage known to be covered by the insurance policy; and/or (8) conducting an outcome-oriented investigation in order to provide Everest with a basis to underpay the claims. *See id.* As indicated by the parentheticals included in the above list, many of these alleged violations merely parrot provisions of Tex. Ins. Code § 541.060(a). But Plaintiff provides supporting facts in the paragraphs that follow the listing. *See id.* ¶¶ 52-59.

The parties disagree about what particular claims may be pursued independently against an insurance adjuster. Because Plaintiff need assert only one claim that it can possibly sustain against Morales, the Court will focus on the claimed violations of Tex. Ins. Code § 541.060(a)(2). Neither party relies on any Texas opinion to show whether such a claim might lead to recovery against an adjuster. Plaintiff focuses on federal decisions that have found a reasonable basis for a potential recovery against an insurance adjuster while recognizing that some courts have declined to find such a reasonable basis. On the other hand, Everest relies solely on federal decisions that have found no such reasonable basis.

Indeed, some courts have found that § 541.060(a)(2) provides no basis for a claim against

6

an insurance adjuster because adjusters lack settlement authority. *See*, *e.g.*, *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 950 (S.D. Tex. 2016); *Messersmith*, 10 F. Supp. 3d at 724; *One Way Invests., Inc. v. Century Sur. Co.*, No. 3:14-CV-2839-D, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014). Other courts disagree with that interpretation on grounds that "such a reading unduly narrows the scope of the provision." *See Roach v. Vehicle*, No. 3:15-CV-3228-G, 2016 WL 795967, at *5 (N.D. Tex. Feb. 29, 2016); *Linron Prop., Ltd. v. Wausau Underwriters Ins. Co.*, No. 3:15-CV-293-B, 2015 WL 3755071, at *5 (N.D. Tex. June 16, 2015). Thus, some courts have remanded cases on the basis of an asserted § 541.060(a)(2) claim. *See*, *e.g.*, *Mehar Holdings, LLC v. Evanston Ins. Co.*, No. 5:16-CV-491-DAE, 2016 WL 5957681, at *4 (W.D. Tex. Oct. 14, 2016); *Shade Tree Apts. v. Great Lakes Reins. (UK) PLC*, No. A-15-CA-843-SS, 2015 WL 8516595, at *4-5 (W.D. Tex. Dec. 11, 2015); *Linron Prop., Ltd..*, 2015 WL 3755071, at *5.

After reviewing various opinions on both sides of this issue, the Court concludes that differing federal opinions on similar facts create a sufficient reasonable possibility for recovery against a nondiverse insurance adjuster under Tex. Ins. Code § 541.060(a)(2). Many legal principles support this conclusion. First, the party asserting improper joinder carries a heavy burden of persuasion. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). And when determining "the validity of an improper joinder claim," the courts "evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact" and "all ambiguities in the controlling state law in the plaintiff's favor." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). Only after the Court resolves "disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party," does it "determine whether that party has any possibility of recovery against the party whose joinder is questioned." *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) (citation and emphasis deleted). Still, the Court remains mindful

that a reasonable possibility of recovery requires more than a "mere hypothetical possibility that such an action could exist." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).[3]

At this point, the Court need not determine whether one side or the other is correct. It instead agrees that "such a split in authority must be resolved in favor of remand because, in the context of a motion to remand, '[a]ny ambiguities are construed against removal and in favor of remand to state court.'" *Marminco III Family, L.P.*, 2017 WL 7797711, at *4 (quoting *Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013)); *accord River of Life Assembly of God v. Church Mut. Ins. Co.*, No. 1:19-CV-49-RP, 2019 WL 1767339, at *4 n.3 (W.D. Tex. Apr. 22, 2019); *Fairway Leasing, LLC v. Nationwide Mut. Ins. Co.*, No. SA-17-CA-752-XR, 2017 WL 7693373, at *3 (W.D. Tex. Oct. 4, 2017); *Mehar Holdings, LLC.*, 2016 WL 5957681, at *4; *Shade Tree Apts.*, 2015 WL 8516595, at *6.

Some claims by their very nature or the underlying facts may provide no reasonable prospect for recovery against an adjuster. Some may amount to no more than a hypothetical possibility for a viable cause of action. If a plaintiff only asserts either of those types of claims against an adjuster, the federal courts should find the joinder improper and deny the motion to remand. But when there is sufficient ambiguity in the controlling state law, federal courts are directed to construe the ambiguity in favor of the plaintiff. Therefore, with respect to Plaintiff's claim against Morales under Tex. Ins. Code § 541.060(a)(2), the Court finds that Plaintiff has alleged a cause of action that creates a reasonable possibility for recovery against a nondiverse insurance adjuster.

When a plaintiff "has properly alleged at least one cause of action under which" a nondiverse defendant insurance adjuster may be held liable, the next question is whether the plaintiff has alleged enough facts to support such claim. *Marminco III Family, L.P.*, 2017 WL 7797711, at

---

[3] A "mere hypothetical possibility" equates to the theoretical possibility that *Smallwood* expressly recognized as insufficient to preclude a finding of improper joinder.

\*4. The parties invoke the Rule 12(b)(6)-type analysis to determine whether joinder was proper. Such analysis incorporates the federal pleading standard. *Int'l Energy*, 818 F.3d at 200.

Under Fed. R. Civ. P. 12(b)(6), litigants may move to dismiss asserted claims for "failure to state a claim for which relief can be granted." Plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facts alleged by the plaintiff must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). To avoid dismissal under Rule 12(b)(6), plaintiffs must allege facts that "nudge" an asserted claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Plaintiff alleges that Morales did not conduct his own independent investigation of the insurance claim, but instead inspected the property with a biased engineer so as to justify the initial denial of coverage. Pl.'s Orig. Pet. ¶ 16. It further alleges that Morales participated in a telephone call in which he, Wysoczan, and the engineer agreed to have a follow-up conversation; Morales stated that those three would discuss an estimate; and Everest would then respond within two weeks, but forty-nine days later the two adjusters declined coverage in a three-page letter that rubberstamped prior findings. *Id.* ¶ 18.

As already mentioned, Plaintiff asserts specific claims against Morales based on unfair settlement practices under Tex. Ins. Code § 541.060. *Id.* ¶ 51. To specifically support such claims, Plaintiff has alleged that Morales inspected the property; ignored covered damage and refused to address all damages caused by the loss; used a biased engineer instead of conducting an independent investigation; withheld a supplemental report without approval from the insurance company; made a statement during the above-mentioned telephone call that led Plaintiff to believe defendants were attempting to amicably resolve the insurance claim by providing an estimate of damages; delayed a declination letter; and failed to request information, adequately investigate the claim, respond to requests for information, and timely and properly estimate the claim and report to and make recommendations to Everest. *Id.* ¶¶ 53-57.

Based on the foregoing allegations, the Court finds enough alleged facts to support finding that Morales independently violated the Texas Insurance Code separate and apart from merely being connected to the ultimate denial of coverage by the insurance company. Accordingly, the Court finds that the petition in this case creates a reasonable possibility that Plaintiff has a potential cause of action against the adjuster under Texas Ins. Code § 541.060(a)(2). When the plaintiff has properly pled even a single claim that has a reasonable possibility for recovery against the non-diverse adjuster, the Court must remand the entire action. With the reasonable possibility for recovery under § 541.060(a)(2), Plaintiff properly joined Morales and complete diversity is absent. The Court therefore grants the motion and remands this case. By remanding this case, the Court gives the Texas courts a proper opportunity to decide whether the claims against the adjuster provide a basis for recovery by Plaintiff.

As aptly stated in a prior decision, "the Court declines to usurp the authority of Texas courts to determine whether Texas law provides the requested relief against adjusters as a matter of law

and instead only asks whether there is a reasonable basis to predict that [Plaintiff] might be able to recover against [an adjuster]." *Shade Tree Apts.*, 2015 WL 8516595, at *6 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). In light of "the myriad other district court cases finding claims for violations of the Texas Insurance Code exist under circumstances similar to those alleged [here] . . . and considering the federalism concerns favoring remand," Defendant Everest has not met its heavy burden to show there is no possibility Plaintiff could recover against Morales in state court. *See id.*

## IV. OTHER MOTIONS

Once the Court finds that a nondiverse defendant is properly joined, it lacks jurisdiction and should deny as moot other pending motions, including any motion to dismiss by the nondiverse defendant. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016). Accordingly, the Court denies the other pending motions as moot.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** *Plaintiff Hill Country Villas Townhome Owners' Association, Inc.'s Opposed Motion to Remand* (ECF No. 4) and orders that this case be remanded to the 73rd Judicial District Court of Bexar County, Texas, Cause Number 2019-CI-12340. Because Plaintiff properly joined a nondiverse defendant, the Court **DENIES AS MOOT** *Defendant Christian Morales' Rule 12(b)(6) Motion to Dismiss* (ECF No. 3) and **DENIES AS MOOT** *Plaintiff's Motion for Leave to File First Amended Complaint* (ECF No. 15).

**SIGNED this 23rd day of January, 2020.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**